**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

CHET DUDA,

    Plaintiff,

v.

BRIAN WILLIAMS, et al.,

    Defendants.

Case No. 2:16-cv-03044-KJD-CWH

**ORDER AND
REPORT AND RECOMMENDATION**

    Nevada state-prison inmate Chet Duda sues prison staff Choyce, Flores, Rivera, and Brettenbach for violations of Duda's Eighth Amendment rights related to a lack of adequate ventilation and excessive heat in his prison cell. Duda has filed a series of motions and other documents that the court addresses in this order:

    Duda's affidavits (ECF Nos. 7, 9) filed on September 27, 2017, and October 4, 2017, respectively. Defendants Choyce and Rivera filed a response (ECF No. 12) to the affidavits on October 17, 2017. Duda filed a reply (ECF No. 13) on October 26, 2071.

    Duda's motion for appointment of counsel (ECF No. 18), filed on January 23, 2018. Defendants Choyce, Flores, and Rivera filed a response (ECF No. 23) on February 6, 2018. Duda filed a reply (ECF No. 30) on February 15, 2018.

    Duda's motion for an order to show cause (ECF No. 21), filed on January 24, 2018. Defendants Choyce, Flores, and Rivera filed a response (ECF No. 27) on February 7, 2018. Duda did not file a reply.

    Duda's motion demanding a jury trial (ECF. No. 22), filed on January 24, 2018. Defendants Choyce, Flores, and Rivera filed a response (ECF No. 28) on February 7, 2018. Duda did not file a reply.

Duda's motion to extend the prison copywork limit (ECF No. 31), filed on March 9, 2018. Defendants Choyce, Flores, and Rivera filed a response (ECF No. 33) on March 22, 2018. Duda did not file a reply.

Duda's proposed subpoena (ECF No. 35), filed on April 19, 2018.

## I.    AFFIDAVITS (ECF Nos. 7, 9)

Duda's affidavits describe incidents involving corrections officers in which he was subjected to harassment. Duda requests that the court take judicial notice of the incidents. Choyce and Rivera respond that the court may take judicial notice only of facts that are not subject to reasonable dispute and that because these incidents are disputed, Duda's request for judicial notice should be denied. Duda replies that his affidavits should not be denied because they are statements of facts he wishes to memorialize in the court's record, and not requests.

Under Local Rule IA 7-1(b), "[a]ll communications with the court must be styled as a motion, stipulation, or notice, and must be filed in the court's docket and served on all other attorneys and pro se parties." "The court may strike any case-related correspondence filed in the court's docket that is not styled as a motion, stipulation, or notice." *Id.*

Given that Duda states in his reply that he is not making a request, the court will not take further action with respect to Duda's affidavits. Going forward, if Duda seeks relief from the court, he is advised to style his requests as motions. Although the court will liberally construe Duda's filings given that he is not represented by an attorney, Duda nevertheless is required to follow the same rules of procedure that govern other litigants. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

## II.    APPOINTMENT OF COUNSEL (ECF No. 18)

Duda moves for appointment of an attorney to represent him in this case. He argues he does not have the legal knowledge or ability to represent himself, that inmates at the facility where he is incarcerated have approximately three hours of access to the law library per week, and that the law library's materials are not current. He further argues he suffered neurological damage as a result of the incident at issue in this case, which makes it difficult for him to

concentrate. Defendants oppose the motion, arguing Duda has failed to establish the exceptional circumstances needed to justify the appointment of counsel.

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331.

Here, Duda does not present argument regarding his likelihood of success on the merits of his claims. Given that his claims survived screening, however, the court finds that there is at least some likelihood of success on the merits. As for Duda's ability to articulate his claims, the court has considered Duda's argument that he has neurological issues resulting from the incident at issue make it difficult for him to concentrate. But in its screening order, the court found that Duda did not state a claim for deliberate indifference to serious medical needs related to his neurological issues and advised Duda to file a separate lawsuit if he could allege facts in support of that claim. Moreover, Duda has thus far demonstrated his ability to articulate his claims pro se, and the legal issues are not complex. The legal standards governing Duda's pending claims are set forth in this court's screening order. Any pro se litigant "would be better served with the assistance of counsel." *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn,* 789 F.2d at 1331). Nonetheless, so long as a pro se litigant like Duda is able to "articulate his

claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. *Id.* The court therefore will deny Duda's motion.

### III.   MOTION FOR ORDER TO SHOW CAUSE (ECF No. 21)

Duda requests that the court order the Nevada Attorney General to show cause why it has not accepted service of process for defendant Brettenbach. After Duda filed this motion, the Nevada Attorney General's Office filed a notice stating that it does not accept service of process for Brettenbach. (Notice (ECF No. 24).) It also filed a sealed notice containing Brettenbach's last known address, as well as an unsealed notice to Duda informing him that this address was provided to the court under deal. (Sealed Notice (ECF No. 25); Notice (ECF No. 26).) The court previously advised Duda that if he wishes to serve any defendants for whom the Nevada Attorney General's Office cannot accept service, he must file a motion. (Order (ECF No. 16) at 2-3.) Duda has not done so. Nor did Duda respond to the court's subsequent notice of intent to dismiss Brettenbach from the case under Rule 4(m) of the Federal Rules of Civil procedure. (Notice (ECF No. 32).) Given these circumstances, it appears Duda does not intend to pursue his claims against Brettenbach. The court therefore will recommend that Brettenbach be dismissed without prejudice from this case under Rule 4(m) based on Duda's failure to serve Brettenbach.

### IV.   DEMAND FOR JURY TRIAL (ECF No. 22)

Duda moves for a jury trial in this case. Choyce, Flores, Rivera state they do not oppose that request. The court therefore will grant Duda's motion for a jury trial.

### V.   COPYWORK LIMIT (ECF No. 31)

Duda moves to extend the copywork limit in this case, arguing that he has exhausted the $100 limit for prison copywork and that he needs to make additional copies in this case. Duda requests a reasonable extension of the copywork limit, but does not state how many additional copies he needs or request a specific dollar amount be deposited in his prison account. Defendants respond that Duda does not have a right to free and unlimited copywork and that he has access to carbon paper as an alternative. Defendants recommend an extension of $10.00, which would afford Duda with an additional 100 copies. Duda did not file a reply. Given that

Duda did not request a specific amount of copies, the court will approve an extension of $10.00 per the defendants' recommendation. The court therefore will grant Duda's motion and order that he be given an extension of $10.00 for prison copywork for this case.

## VI.     PROPOSED SUPBOENA (ECF No. 35)

Duda requests a subpoena for production of documents be issued and served on Brian A. Williams, Warden of High Desert State Prison, who is not a party in this case. The requested subpoena is for "maintenance records and/or work order for work performed on Unit 2D, cell D14, on or about August 1, 2016 (HVAC vent door)." Defendants did not file a response to the requested subpoena.

In reviewing the docket, it appears that the documents requested by the subpoena are attached as Exhibit A to the defendants' motion for summary judgment (ECF No. 37). Given that the motion for summary judgment was served on Duda, the documents should be in his possession. The court therefore will deny Duda's request for a subpoena without prejudice; however, the court will order the clerk of court to mail Duda a copy of the exhibit.

## VII.    CONCLUSION

IT IS ORDERED that the court will not take any action with respect to Duda's affidavits (ECF Nos. 7, 9) for the reasons stated in this order.

IT IS FURTHER ORDERED that Duda's motion for appointment of counsel (ECF No. 18) is DENIED.

IT IS FURTHER ORDERED that Duda's motion for an order to show cause (ECF No. 21) is DENIED.

IT IS RECOMMENDED that defendant Brettenbach be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS ORDERED that Duda's unopposed motion demanding a jury trial (ECF. No. 22) is GRANTED.

IT IS ORDERED that Duda's motion to extend the prison copywork limit (ECF No. 31) is GRANTED. Duda is granted an extension of $10.00 for prison copywork for this case as stated in this order.

IT IS ORDERED that Duda's request for a subpoena (ECF No. 35) is DENIED without prejudice. The clerk of court must mail to Duda a copy of Exhibit A to ECF No. 37.

### VIII.   NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 9, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE